**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANGELA ROMERO,

    Petitioner-Appellant,

v.

PENNY LUCERO, Warden, and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondents-Appellees.

No. 97-2389
(D.C. No. CIV-97-1097-LH)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, the case is ordered

submitted without oral argument.

Angela Romero seeks a certificate of appealability to appeal the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

dismissal of her 28 U.S.C. § 2254 habeas petition. She contends a condition of her probation subjected her to cruel and unusual punishment. Because Romero has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny her request for a certificate of appealability and dismiss the appeal.

Romero pleaded guilty in state court to six counts of residential burglary. The court imposed six consecutive three-year terms of imprisonment, but suspended execution of the sentence and placed Romero on probation for a period of four years. As a condition of probation, she was required to complete a drug rehabilitation program. Romero violated her probation. The state court revoked the original probation and imposed an additional condition of probation requiring that she complete the Delancy Street long-term residential treatment program. According to Romero, while she was on her way to the residential treatment, she learned the program did not permit patients to have any contact with family members for a period of six months. Romero is the mother of five minor children, and her thirteen-year-old daughter ran away shortly before Romero was scheduled to start the program. Fearing she would not receive news about her daughter if she entered the program, Romero fled. The state court revoked probation and imposed the original eighteen-year sentence.

Romero's habeas petition in state court was denied and she sought relief in federal district court. The court concluded the court-ordered rehabilitation program's prohibition of family contact for a period of six months did not constitute cruel and unusual

punishment and dismissed Romero's claim. Convicted prisoners have no absolute constitutional right to visitation with family. E.g., Bazzetta v. McGinnis, 124 F.3d 774, 779 (6th Cir. 1997), *suppl.* 133 F.3d 382 (6th Cir. 1998); Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986); Bellamy v. Bradley, 729 F.2d 416, 420 (6th Cir. 1984); Lynott v. Henderson, 610 F.2d 340, 342 (5th Cir. 1980). See Ramos v. Lamm, 639 F.2d 559, 578-81 (10th Cir. 1980). Romero's claim is essentially a challenge to a condition of confinement. Conditions of confinement constitute cruel and unusual punishment only if they are wanton and unnecessary or grossly disproportionate to the severity of the crime, Rhodes v. Chapman, 452 U.S. 337 (1981); Mitchell v. Maynard, 80 F.3d 1433, 1441-42 (10th Cir. 1996), and are the result of deliberate indifference by prison officials. Wilson v. Setier, 501 U.S. 294, 302-03 (1991); Penrod v. Zavaras, 94 F.3d 1399, 1405-06 (10th Cir. 1996).

There is no showing of deliberate indifference as to Romero's concerns about her thirteen-year-old daughter on the part of probation authorities or the sentencing court. Romero did not allege anyone was aware that her daughter had run away. Nor was the six-month prohibition of family contact disproportionate to the severity of the offense. Romero was convicted of six residential burglaries and was sentenced to eighteen years' imprisonment, but the court suspended execution of the sentence and granted probation. After she violated the conditions of her original probation, the court ordered Romero to enter the residential treatment program instead of imposing the original sentence.

Visitation with family members may be restricted when necessary to meet penological objectives such as rehabilitation of prisoners and maintenance of security and order. Bazzetta, 124 F.3d at 779-80; Toussaint, 801 F.2d at 1113; Bellamy, 729 F.2d at 420; Lynott, 610 F.2d at 342. See Ramos, 639 F.2d at 578-81. The six-month prohibition on family contact was a requirement of the long-term residential rehabilitation program. Romero has not shown the prohibition was unnecessary or that it was unrelated to legitimate goals of rehabilitation or maintenance of security and order.

Romero's application for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge